UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:17-CR-036-CHB |
| ) | |
| v. ) | |
| ) | **ORDER FOLLOWING TELEPHONIC** |
| RODNEY SCOTT PHELPS, ) | **STATUS CONFERENCE** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendant's Motion to Expedite Status Conference [R. 106], as well as a telephonic status conference that was held on Monday, August 5, 2019 [R. 105]. In his motion Defendant states through counsel that, although he is not presently moving to continue the jury trial set in this matter, he wishes to advise the Court of significant medical concerns that may impact the jury trial currently scheduled for August 28, 2019. *Id*. Specifically, Defendant states that he has various medical appointments both locally in Somerset and at the University of Tennessee Medical School for on-going heart concerns and a potential new diagnosis. *Id*. at 1. Furthermore, Defendant advises the Court that there is the possibility of a surgery that may impede the Defendant's ability to prepare for trial. *Id*. at 2.

The Court notes that, unlike issues related to mental competency, "no statutory standard exists for a judicial determination as to whether a defendant is physically incompetent to stand trial." *United States v. Whitehead*, No. 11-30-GFVT, 2013 WL 5529323, at \*2 (E.D. Ky. Oct. 2, 2013) (quoting *United States v. Reddy*, No. 01 CR 0058 (LTS), 2003 WL 22339464, at \*3 (S.D.N.Y. Oct. 14, 2003)). Rather, courts generally consider five factors in making the ultimate

determination whether "the trial poses a substantial danger to the defendant's life or health." *Id.* These factors are:

> (1) the medical evidence; (2) the defendant's activities outside the courthouse; (3) the possibility of measures to minimize the risks to defendant's health in subjecting him to trial; (4) the temporary or permanent character of the physical problem, since postponement is a relatively easy, bearable and obvious measure for the case of curable impairments; and (5) the magnitude and seriousness of the case—i.e., the degree of loss or injury to the public interest deemed to result from delay or total preclusion of a trial.

*Id.* Given the numerous trial continuations previously granted in this case due to the Defendant's alleged infirmities, and the indications in his motion recent motion [R. 106] that additional ailments and procedures are afoot, the Court desires to make clear to the Defendant that no further continuations will be granted in this case unless the Defendant is able to demonstrate through clear and trustworthy proof that a trial would pose a substantial danger to his life or health. Further, the Court desires to make clear that any doctor appointments or surgeries currently scheduled that would interfere with the trial and pretrial conference must be re-scheduled unless the Defendant is able to meet the above standard regarding his physical competency to stand trial.

Having reviewed the Motion, and the Court being otherwise sufficiently advised; **IT IS HEREBY ORDERED** as follows:

1. The Motion to Expedite Status Conference [**R. 106**] is **DENIED**.

2. Should the Defendant so choose, he **SHALL FILE** any motion to continue the jury trial set for August 28, 2019 by **Thursday, August 8, 2019**. If such a motion is filed, any response by the United States **SHALL BE FILED** by **Monday, August 12, 2019.** If no response is filed by that date, the Court will consider the lack of any response being filed as the United States having no objection, and the matter will then stand submitted to the Court.

3.     An **in-court status conference** is **SET** for **Tuesday, August 13, 2019** at the hour of **9:00 a.m.**, before the Honorable Claria Horn Boom, United States District Judge, at the United States Courthouse in **London, Kentucky**.  The attendance of all counsel participating in the jury trial as well as the Defendant is **MANDATORY**.

4.     All deadlines, including deadlines for reciprocal discovery and motions in limine as well as pretrial filings, as set forth in the Court's Order Granting Motion to Continue Trial [**R. 98**] are **UNAFFECTED** by this Order.

This the 5th day of August, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY