UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:17-CR-036-CHB |
| ) | |
| v. ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| RODNEY SCOTT PHELPS, ) | **MOTION IN LIMINE AS MOOT AND** |
| ) | **GRANTING IN PART AND DENYING** |
| Defendant. ) | **IN PART DEFENDANT'S MOTION IN** |
| ) | **LIMINE** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion in Limine to Authenticate and Admit Evidence filed by the Plaintiff [R. 122] and the Motion in Limine to Exclude Offered 404(b) Testimony filed by the Defendant [R. 109]. For the reasons stated herein, the Court will deny the Plaintiff's Motion in Limine as moot, and will grant in part and deny in part the Defendant's Motion in Limine.

I. **Plaintiff's Motion in Limine to Authenticate and Admit Evidence**

In its Motion in Limine, the Plaintiff moved for a preliminary finding under Fed. R. Evid. 104(a) that certain evidence (as listed in the Motion) is both authentic and admissible as business records. [R. 122 at pp. 1-2] Based on Defendant's Response to the United States' offer for stipulation regarding these items [R. 125], which states that "the Defendant has conceded the authenticity and admissibility of such stipulations and consents to their being read to the jury

accordingly," it appears that this motion is moot, and the Court will therefore deny the Plaintiff's Motion in Limine.[1]

## II.   Defendant's Motion in Limine to Exclude Offered 404(b) Testimony

In his Motion in Limine, Defendant moves for the exclusion of five separate categories of 404(b) character evidence under Fed. R. Evid. 403. The disputed evidence is that referenced in R. 102 and R. 104 (the Plaintiff's Notices of Intent to Use Evidence of Other Bad Acts). Defendant argues the evidence is very prejudicial and has little probative value, and that the evidence does not actually substantiate what the government says it does (knowledge, identity, intent, plan, and absence of mistake under FRE 404(b)(2)). [R. 109 at pp. 1-3]  The specific arguments as to each category of evidence are outlined below.

### A.   Nashville Apartment Rentals

The first category of evidence which Defendant seeks to exclude at trial is evidence relating to Defendant's rental of apartments in Nashville, Tennessee. [R. 109 at p. 2]  This evidence is made up of three separate parts.  First, Defendant allegedly gave false information about his wealth and background while applying for one of the apartments, including holding himself out to be the beneficiary of a large family trust and providing a fraudulent wire transfer document as proof that he was capable of paying the rent. [R. 102 at p. 2]  Arguing that this is consistent with the false backstory that Defendant gave during the course of this case (and which the Defendant has denied or attributed to Jason Castenir alone), the Plaintiff offers this as "signature" evidence showing identity and the fact that a crime occurred, as well as knowledge, identity, and absence of mistake. [R. 102 at pp. 2-3; R. 110 at p. 2]  Second, Defendant allegedly

---

[1] Should Defense counsel during the course of the trial desire to object to the admissibility of any of these exhibits based on specific arguments citing to the Federal Rules of Evidence, Defense counsel is free to make such objection prior to the United States offering the agreed-upon exhibit into evidence.

identified himself as holding various corporate offices of Maverick Asset Management ("Maverick"), contradicting his deposition testimony in which he allegedly minimized his leadership role in Maverick. *Id.* at p. 2.  Third, Defendant allegedly leased the apartments under the Maverick name and paid at least part of the rent through a Maverick bank account, even though (according to the Plaintiff) there is no evidence they were used in the Maverick business. *Id.* at pp. 2-3.  The Plaintiff argues that these pieces of evidence prove that Defendant was "a moving force behind Maverick" and that Maverick funds were used for Defendant's personal benefit.  Plaintiff likewise offers this as "signature" evidence and evidence of knowledge, identity, and absence of mistake. [*Id.* at p. 3; R. 110 at p. 2]

Defendant argues that he lawfully rented and paid for the apartments, and that since the broker leased these apartments to him, it should be presumed that the broker checked his credit and found it to be an appropriate risk. [R. 109 at p. 2]  He denies creating or presenting a false document, and states that he leased the apartments on his own credit. *Id.*

As to evidence that, when applying for apartments, the Defendant falsely held himself out to be the beneficiary of a large trust and/or the heir to a Morton Salt fortune, the Court reserves ruling until trial.  This is because the attachments to the Plaintiff's first Notice of Intent to Use Evidence of Other Bad Acts [R. 102] do not mention such misrepresentations or otherwise show that they occurred.  Accordingly, at the moment there is not sufficient evidence to support a finding that these misrepresentations took place.  However, if evidence to support such a finding is presented at trial, the Court agrees that it would be offered and admissible for a permissible purpose, namely, as "signature" evidence under Fed. R. Evid. 404(b).  It would tend to show his plan, his knowledge, and his intent (and absence of mistake).  The Court also finds that the probative value of this evidence would not be substantially outweighed by the danger of unfair

prejudice or the other concerns outlined in Fed. R. Evid. 403, and any prejudice could be avoided by proper limiting instructions. *See United States v. English*, 785 F.3d 1052, 1055–56 (6th Cir. 2015). This evidence is thus admissible.

As to evidence that the Defendant presented a falsified wire transfer document to the real estate broker, the Court finds this evidence to be admissible under Fed. R. Evid. 404(b). Having examined Attachment C to the Plaintiff's first Notice of Intent to Use Evidence of Other Bad Acts [R. 102-3], the Court finds that there is sufficient evidence that this act (providing the broker a falsified wire transfer document in the name of Maverick and for the purpose of renting a house in Maverick's name) took place. It is being offered and is admissible for a proper purpose (namely, as "signature" evidence showing plan, knowledge, and intent). In addition, the probative value of this evidence would not be substantially outweighed by the danger of unfair prejudice or the other concerns outlined in Fed. R. Evid. 403, and any prejudice can be avoided by proper limiting instructions. *See United States v. English*, 785 F.3d 1052, 1055–56 (6th Cir. 2015). This evidence is likewise ruled admissible.

Finally, as to evidence that Defendant identified himself as holding various corporate offices of Maverick, leased the apartments under the Maverick name, and paid at least part of the rent through a Maverick bank account (even though they were not used in the Maverick business), the Court finds it unnecessary to reach the question of admissibility under Fed. R. Evid. 404(b). This is because this evidence is not really of "other" acts. Rather, the Court finds that such evidence is directly relevant to show parts of the conduct charged in the indictment (which includes that Defendant jointly owned and operated Maverick and that he used money invested through Maverick for other business and personal uses). [*See* R. 1 at pp. 1, 3] Accordingly, the Court finds this evidence to be admissible as well.

### B.      Noorez Devraj

The second category of evidence which Defendant seeks to exclude is evidence related to a Canadian inventor, Noorez Devraj, and alleged acts related to Devraj's tire-sealant product and a related business. This category of evidence also includes three separate acts. First, Defendant allegedly offered to fund a venture involving the tire-sealant through the "Phelps Family Trust," but never provided any money. [R. 102 at p. 3] Second, Defendant allegedly stole the domain for Devraj's website marketing the tire-sealant, and made the business his own. *Id.* Third, in response to a cease and desist letter from Devraj, Defendant allegedly wrote an internet post falsely accusing Devraj of fraud and claiming that his family trust had purchased Devraj's business. *Id.* Plaintiff offers this evidence as "signature" evidence and as evidence of Defendant's plan, intent to defraud in this case, and absence of mistake in using the Phelps Family Trust to support Defendant's claims of wealth. [*Id.*; R. 110 at p. 1]

Defendant argues without citation to authority that this alleged behavior occurred after the behavior charged in the indictment. [R. 109 at pp. 2-3] He characterizes the situation at issue as follows: he was employed in the business of manufacturing and selling tire sealant until the time of his disability; he allegedly dealt with an individual as a potential investor in a company designing and manufacturing tire sealant; several orders with Devraj were filled but that was the extent of the business between the parties; and the Plaintiff does not provide "the activities complained of . . . to show any of the requisite exclusions." *Id.* Finally, Defendant denies improperly taking a domain name. *Id.* at p. 3.

As to evidence that Defendant offered to fund a venture involving the tire-sealant through the "Phelps Family Trust," the Court finds this evidence to be admissible under Fed. R. Evid. 404(b). Having examined Attachment D to the Plaintiff's first Notice of Intent to Use Evidence

of Other Bad Acts [R. 102-4] the Court finds that there is sufficient evidence to support a finding that this act took place. The Court agrees further agrees that this evidence is offered and admissible as "signature" evidence as well as evidence of plan, knowledge, and intent under Fed. R. Evid. 404(b), that the probative value of this evidence would not be substantially outweighed by the danger of unfair prejudice or the other concerns outlined in Fed. R. Evid. 403, and that any prejudice could be avoided by proper limiting instructions. *See United States v. English*, 785 F.3d 1052, 1055–56 (6th Cir. 2015).

As to evidence that Defendant wrote an internet post falsely accusing Devraj of fraud and claiming that his family trust had purchased Devraj's business, the Court finds that the accusation of fraud is irrelevant to this case and inadmissible. However, having examined Attachment F to Plaintiff's first Notice of Intent to Use Evidence of Other Bad Acts [R. 102-6], the Court finds sufficient evidence that Defendant claimed his family trust had purchased the business, and further finds that this representation is relevant and admissible for the same reasons just mentioned.

As to evidence that Defendant stole the domain for Devraj's website marketing the tire-sealant, and made the business his own, the Court finds that this evidence – like the hotel billing evidence discussed below – bears no relation to any of the conduct charged in this case and does not constitute "signature" evidence or show Defendant's plan, intent to defraud, or absence of mistake in using the story about the family trust, and is therefore irrelevant and inadmissible.

C.    **Hotel Billing Issue**

The third piece of 404(b) evidence which Defendant seeks to exclude is an email which the Plaintiff offers as evidence that the Defendant falsely represented his occupation to a hotel as CFO of a major credit card processing company. The Plaintiff offers this alleged

misrepresentation as to Defendant's identity essentially as additional "signature" evidence, as well as absence of mistake and intent to defraud. [R. 102 at p. 4] Defendant argues that the alleged misrepresentation actually involved a billing dispute with a hotel, during which he truthfully told the hotel that he had formerly been employed in a "credit card purchasing business," which is not probative of anything.

The Court agrees that this evidence is irrelevant under Fed. R. Evid 401. The context of the alleged misrepresentation is dissimilar to the other misrepresentations which are allegedly Defendant's "signature" (namely, the false biography about being the beneficiary of a large trust, the Morton Salt heir, and a savvy businessman with a great deal of business experience and acumen); it does not involve Maverick, any of the charged investment schemes, any investors, or even any potential investors. Thus, even assuming Defendant misrepresented his occupation to the hotel, it would not have "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence," Fed. R. Evid. 401(a)-(b), and is irrelevant. For this reason, it does not constitute proper evidence of plan, absence of mistake, or intent to defraud, and is inadmissible.

### D.      Business with Tony Conley and Brent Bingham

The final categories of evidence that Defendant seeks to exclude are evidence that Defendant falsely represented his background to two individuals with whom he sought to do business, Tony Conley and Brent Bingham. [R. 104 at pp. 2-3] Defendant allegedly told Conley that *his wife* (not he) had a multi-million dollar trust fund, and told Bingham that he and his wife were very wealthy and experienced in buying and selling businesses. *Id.* at p. 3. The Plaintiff offers this evidence as "signature" evidence and evidence of Defendant's intent, knowledge, and plan. [R. 104 at pp. 2-3; R. 110 at pp. 1-2] Defendant denies that he materially misrepresented

his personal wealth to Conley, and says that because of the timing of the alleged behavior (occurring after that which is charged in the indictment), such evidence is irrelevant and prejudicial. [R. 109 at pp. 3-4]

The Court does not reach the question of admissibility of this evidence under Fed. R. Evid. 404(b), because it finds this evidence to be cumulative under Fed. R. Evid. 403. To the extent that this evidence is admissible, it is only marginally so, given the representations related to his wife and not Phelps. Moreover, the Court finds this evidence to be cumulative, given that it appears from the Plaintiff's Proposed Witness List that there are likely many other witnesses who can testify regarding Defendant's "signature" (misrepresenting his background as an heir to a Morton Salt fortune, beneficiary of a large trust, and experienced businessman) as well as the other rulings contained in this order. Thus, the Court finds that as matters stand now, the probative value of this evidence would be substantially outweighed by a danger of unfair prejudice and needlessly presenting cumulative evidence. Fed. R. Evid. 403. Therefore, this evidence is not admissible as part of the Plaintiff's case-in-chief.

### III. Conclusion

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's **Motion in Limine to Authenticate and Admit Evidence [R. 122]** is **DENIED AS MOOT**.

2. Defendant's **Motion in Limine to Exclude Offered 404(b) Testimony [R. 109]** is **GRANTED** in part and **DENIED** in part, as outlined above.

3. The parties **shall not elicit** evidence, allegation, questioning, or argument concerning the evidence ruled inadmissible herein, except as specifically noted above.

This the 26th day of August, 2019.

                                                         */s/ Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY