Eastern District of Kentucky
**FILED**
NOV 17 2020
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Appellee,** | **CASE NO. 6:17-cr-00036-CHB-HAI** |
| v. | **JUDGE BOOM** |
| **RODNEY SCOTT PHELPS,** | |
| **Defendant-Appellant.** | |

### DEFENDANT-APPELLANT'S MOTION FOR EXTENSION OF TIME TO SELF-SURRENDER TO PRISON

Defendant-Appellant, Rodney Scott Phelps, through appellate counsel, respectfully asks this Court for an extension of time to self-surrender to prison from January 1, 2021 to 30 days after the Sixth Circuit issues its decision if a new trial is not ordered. Reasons in support of this motion are more fully stated in the attached memorandum in support.

Respectfully submitted,

_____
Kort Gatterdam (0040434)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

Counsel for Defendant-Appellant

## MEMORANDUM IN SUPPORT

Defendant-Appellant Rodney Scott Phelps was convicted by a jury of one count of conspiracy to commit wire fraud and twelve counts of wire fraud. (ECF No. 214, Judgment, PageID#3853) On July 28, 2020, this Court sentenced Mr. Phelps to 108 months in prison. (ECF No. 214, Judgment, PageID#3854) This Court also ordered that Mr. Phelps self-surrender to prison, but that the United States Marshals and the Bureau of Prisons not assign a self-surrender date prior to January 1, 2021. (ECF No. 214, Judgment, PageID#3854) On August 4, 2020, Mr. Phelps filed a notice of appeal. (ECF No. 216, Notice of Appeal, PageID#3863-64) Subsequently, the United States Court of Appeals for the Sixth Circuit appointed undersigned counsel to represent Mr. Phelps on appeal.

Mr. Phelps now respectfully asks this Court to extend his self-surrender date. As this Court is aware, Mr. Phelps suffers from back pain, high blood pressure, diabetes, heart ailments, and right leg pain. (ECF No. 218-1, Statement of Reasons, PageID#3875; ECF No. 219, Sealed Presentence Investigation Report, PageID#3890) He was previously injured in two separate motor vehicle accidents and has underwent a total of 15 surgeries (more since that time). (ECF No. 219, Sealed Presentence Investigation Report, PageID#3890) These surgeries include repairing his leg, for his heart, and for a knee replacement. (*Id.*) Mr. Phelps also takes several medications for his ailments and prior to sentencing was placed on a permanent heart monitor because of irregularities in his heartbeat. (*Id.*, PageID#3891, 3914)

This Court imposed the current self-surrender date due in large part to the COVID-19 pandemic and to Mr. Phelps' medical conditions. (ECF No. 256, 07/28/2020 Sentencing Transcript, PageID#4781-85) Unfortunately, Mr. Phelps' medical conditions remain, and if anything, the pandemic has worsened in recent weeks. According to Mr. Phelps' doctor, "[i]f he

was to be incarcerated and contract COVID-19 it would have the potential to cause significant illness." (Exhibit A, Letter from Gregory Sherry, M.D.) The reasons for extending the self surrender date apply to a further extension with equal if not greater vigor.

The current conditions with respect to the COVID-19 pandemic within BOP facilities render Mr. Phelps at grave risk of serious complications if infected with COVID-19. *See, e.g., United States v. Muniz*, Civ. A. No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (noting that "news reports of the virus's spread in detention centers within the United States . . . demonstrate that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection [from COVID-19]") (citations omitted). Courts across the country have recognized the serious risks presented by the pandemic and have extended self-surrender dates accordingly. *See., e.g., United States v. Benjamin*, Criminal No. 18-0121, Memorandum Opinion and Order (D.C.D.C. Oct. 16, 2020) (noting the extensions of self-surrender from June 5, 2020, first to September 3, 2020, then to November 2, 2020, and then to March 3, 2021); *United States v. Garlock*, No. 18-cr-418-VC-1, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020) (extending surrender date and stating that "[b]y now it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided")).

Further, a convicted defendant may request release pending appeal pursuant to 18 U.S.C. § 3143(b) by making two separate showings. First, the defendant must establish by clear and convincing evidence that he does not present a flight risk or a risk of danger to the safety of any other person or the community. 18 U.S.C. § 3143(b)(1)(A). Second, the defendant must demonstrate that the appeal is not for the purpose of delay and raises a substantial question of law or fact "likely to result" in reversal, a new trial, a reduced sentence, or a similarly favorable

result. 18 U.S.C. § 3143(b)(1)(B); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). A defendant is not required to demonstrate that he or she will actually win the appeal as long as the claim he is raising is substantial and would entitle him or her to relief if the appeal were resolved in his favor. *United States v. Pollard*, 778 F.2d 1177, 1181–82 (6th Cir. 1985).

As to the first prong, there can be absolutely no claim that Mr. Phelps presents a flight risk or a risk of danger to the safety of any other person or the community. Born in 1961, Mr. Phelps is currently 59 years old. (ECF No. 219, Sealed Presentence Investigation Report, PageID#3888) He has been married since 1980, and his wife is self-employed at Cumberland Tire. (*Id.*, PageID#3888–89) They continue to reside in Somerset, Kentucky. (*Id.*, PageID#3890) He has no concerns with his mental or emotional health, or with drug or alcohol abuse. (*Id.*)

The offenses at issue are non-violent, and Mr. Phelps has no history of violence. In fact, Mr. Phelps has no criminal history whatsoever. (*Id.*, PageID#3887) Significantly, after both the jury's verdict and sentencing, this Court did not order Mr. Phelps into custody, again demonstrating the lack of a flight risk or a risk of danger to others.

As to the second prong, undersigned counsel is still familiarizing himself with the record in this case. Extending the self-surrender date will allow counsel to more efficiently work with Mr. Phelps on his appeal. While counsel cannot with certainty state what issues will or will not be raised on appeal, counsel does anticipate raising issues regarding sufficiency of the evidence; the calculation of his Guideline sentence including the base offense level, specific offense characteristics, and application of the obstruction of justice enhancement per USSG §3C1.1; and whether a term of imprisonment comported with the facts set forth in 18 U.S.C. § 3553(a). (*See* ECF No. 219, Sealed Presentence Investigation Report, PageID#3913–14, 3916–17) Mr. Phelps would be entitled to resentencing if the Sixth Circuit finds error with the Guideline calculations.

*See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range--whether or not the defendant's ultimate sentence falls within the correct range--the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

If extension of self-surrender is not granted, Mr. Phelps may have served a substantial portion or all of his sentence. It is often more than one year before a criminal case is decided in the Sixth Circuit. In light of Mr. Phelps' significant health issues, the COVID-19 pandemic, and the substantial issues to be resolved, fairness requires the extension of self-surrender. There is no doubt Mr. Phelps will report to prison as directed once these issues are resolved.

For all the foregoing reasons, Mr. Phelps respectfully asks this Court to extend the time for him to report to prison from January 1, 2021 to 30 days after the Sixth Circuit Court of Appeals decision if a new trial is not ordered.

Respectfully submitted,

/s/ Kort Gatterdam

Kort Gatterdam (0040434)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
Counsel for Defendant-Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by first class U.S. mail, postage prepaid, this 13th day of November, 2020, upon:

Charles P. Wisdom, Jr.
Kathryn M. Anderson
Kenneth Taylor
Assistant U.S. Attorneys
Office of the U.S. Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507

                                            Kort Gatterdam

050-1427-811118