UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>RODNEY SCOTT PHELPS,  )<br>)<br>Defendant.  )<br>)<br>)<br>)<br>) | Criminal Action No. 6:17-CR-036-CHB<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on the United States' Motion for Order of Forfeiture for Forfeiture Money Judgment [R. 211], the United States' Motion for Order of Forfeiture Money Judgment [R. 231], and Defendant Rodney Scott Phelps's Motion for Transcripts of *Ex Parte* or Sealed Hearings [R. 234]. The United States filed a Response to Motion for Transcripts [R. 236], which objects to the motion; Defendant has not responded to either Motion for Order of Forfeiture. The Court will address the motions in turn.

First, the Court will deny without prejudice Defendant's Motion for Transcripts of *Ex Parte* or Sealed Hearings [R. 234]. Which transcripts Defendant seeks, however, are never identified. [*Id.*] Rather, Defendant advised that "[r]easons in support of this motion are more fully stated in the attached Memorandum in Support." [*Id.*] But no Memorandum of Support was attached, nor was any filed at a later time. The United States noted this fact in its Response [R. 236], yet even afterward, Defendant took no steps to provide the Court with reasons in support of his Motion. The United States' Response requests that Defendant's Motion be denied

without prejudice because, without Defendant identifying which hearings he wants transcripts for and why, the United States cannot determine on what grounds the hearings were sealed. [*Id.*] The Court agrees, and Defendant's Motion will be denied.

Second, the Court will grant the United States' Motion for Order of Forfeiture Money Judgment [R. 231]. Defendant's Indictment included forfeiture, and the United States represented to the Court at Defendant's sentencing that it would file a motion for forfeiture. [R. 1, pp. 10–11; R. 231, p. 1] Defendant has never objected to any Motion for Order of Forfeiture. Defendant was found guilty of wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. [R. 214, p. 1] Anyone violating those provisions must forfeit "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" the violation. 18 U.S.C. § 981(a)(1)(D)(vi); 28 U.S.C. § 2461. The $2,493,104.80 sought by the United States is equal to that derived from Defendant's wire fraud. [R. 210] It is not the actual money derived from the fraud, but when proceeds cannot be located despite the exercise of due diligence, the United States is allowed to seek substitute property. 21 U.S.C. § 853(p). The Supreme Court's recent limitation on forfeiture, *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), is inapposite, as unlike the defendant in that case, Defendant Phelps controlled the money sought to be forfeited. [R. 207, pp. 2–4] Accordingly, the Court will grant the United States' Motion.

Third, the Court will deny as moot United States' Motion for Order of Forfeiture for Forfeiture Money Judgment [R. 211], as the requested relief is the same as that in R. 231, which the Court will grant.

The Court having considered the motions and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Rodney Scott Phelps's Motion for Transcripts of *Ex Parte* or Sealed Hearings [**R. 234**] is **DENIED without prejudice**.

2. The United States' Motion for Order of Forfeiture Money Judgment [**R. 231**] is **GRANTED**.

3. The United States' Motion for Order of Forfeiture for Forfeiture Money Judgment [**R. 211**] is **DENIED as moot**.

4. Defendant is subject to a forfeiture money judgment under 18 U.S.C. § 981(a)(1)(D)(vi) and 28 U.S.C. § 2461 in the amount of $2,493,104.80 in U.S. currency, which represents the amount of gross proceeds obtained by Defendant violating 18 U.S.C. §§ 1343 and 1349, for which he has been found guilty.

5. This money judgment is a debt owed by the Defendant to the United States, and the United States may take necessary steps to satisfy its debt.

6. This Court will retain jurisdiction in this case, in order to enforce this Order. Because no specific property is involved, no notice pursuant to Rule 32.2(b)(6)(A) is required.

7. Pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture will become final immediately and made part of the sentence, and the judgment will be amended to include the forfeiture money judgment.

8. Under Rule 32.2(b)(3), the United States may conduct appropriate discovery and ancillary proceedings consistent with 21 U.S.C. § 853(n) for collecting the money judgment or assets used to satisfy the judgment.

This the 20th day of November, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY