## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

**CRIMINAL ACTION NO. 6:17-36-CHB**
**UNITED STATES OF AMERICA**                                        **PLAINTIFF**


**V.**          **UNITED STATES'S RESPONSE IN OPPOSITION**
**TO THE DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**


**RODNEY SCOTT PHELPS**                                        **DEFENDANT**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


The United States opposes the Defendant's motion for bond pending appeal.[1] Phelps may be a risk of flight. He is an economic threat to the community. The request is made for the purpose of delaying the inevitable, as it is consistent with his previous repetitive efforts to delay the administration of justice in this case. Most importantly, he has not identified any appellate issue likely to result in substantial relief.

"The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). To gain release, Phelps must show by clear and convincing evidence (1) that he is not likely to flee or pose a danger to the safety of another person or the community, and (2) that the

---

[1] Though the Defendant styles his motion as one for an extension of his report date, his requested relief is an extension to 30 days after an appellate decision upholding the conviction and sentence. Thus, the name notwithstanding, the motion is for bond pending appeal.

appeal is not for delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial on all counts of conviction, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985).

The Defendant's demeanor, lack of contrition, denial, and obstructive conduct, all consistent throughout his prosecution and trial, demonstrate a risk of flight that he has not dispelled by clear and convincing evidence. To say that the Defendant has been resistant and difficult during the prosecution of this case is an understatement. The record reveals that he has been uncooperative and contemptuous toward his own counsel as well as all aspects of the justice system. He has been the subject of at least two motions to revoke his bond. He failed to appear at one status conference and failed to file a financial disclosure document as required by the court. He was visibly contemptuous toward witnesses who testified against him (causing one juror to be dismissed) and hostile and threatening toward the prosecutor during cross-examination. All of this reflects a disregard for the criminal justice system. The Government believes that when all attempts to avoid incarceration have been exhausted, the Defendant may next consider flight. While he professes to have no assets, the truth is that he ghost-manages a thriving

business which he has placed in the name of his wife and/or son. Thus, it is believed that he would have the financial wherewithal to flee. However, he refuses to place his name on his business, his vehicles, and his home, both attempting to keep these assets out of the hands of law enforcement and disengaging himself from ties to his community.   He has not provided clear and convincing evidence that he is not a risk of flight.

While the Defendant does not have a history of violence, he certainly has demonstrated a propensity to commit fraud-related offenses. *United States v. Nicolo,* 706 F. Supp. 330, 2010 WL 1510852 (W.D.N.Y. 2010) (summarizing cases where a history of economic crimes, coupled with lack of respect for the court system and a lack of contrition, constituted danger to the community so as to preclude denial of release pending appeal).  In this case, law enforcement interrupted Phelps and Castenir in the midst of a series of fraud schemes.  The two were prosecuted for three successive schemes, but these were sandwiched between prior and subsequent schemes.  The Court will recall that Phelps defrauded the Seattle area victims again, along with their new business partner in Canada, by essentially stealing their business and website.

The only appellate issue the Defendant has identified that, if meritorious, would result in overturning the conviction is sufficiency of the evidence.  The likelihood of success on this argument is nonexistent. The sentencing guidelines issues foreshadowed, but not identified, even if successful, would not dramatically lower the sentence to a level below what he would serve while the appeal is pending.  This Court will recall the overwhelming evidence that was introduced to prove the Defendant's guilt on these charges.  Many victim witnesses testified to his use of the Morton Salt and the Phelps

Family Trust stories to induce them to hand over their money.

The final issue to be addressed is the effect of the Covid crisis on the propriety of allowing the Defendant to remain on release pending appeal, which of course is not itself a consideration for release pending appeal under Sixth Circuit case law. Perhaps the Court would envelope this concern within its risk of flight analysis, but it is nonetheless unpersuasive. While the Government acknowledges the seriousness of this crisis, and the seriousness of the Defendant's leg injury, nothing about this defendant's situation distinguishes him from the thousands of federal prisoners who are currently incarcerated. The logical extension of his argument is that all prisoners should be released until the crisis is alleviated, a dubious proposition. By any normal measure, this Defendant should report to begin serving his sentence as originally ordered. Nothing about this crisis is so extraordinary or exceptional to as to warrant excusing the Defendant from reporting.

The motion should be denied.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By:   s/ Kenneth R. Taylor
      Assistant United States Attorney
      260 W. Vine Street, Suite 300
      Lexington, Kentucky 40507-1612
      (859) 685-6874
      FAX (859) 233-2747
      Ken.Taylor@usdoj.gov

s/ Kathryn M. Anderson

Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4885
Kathryn.Anderson@usdoj.gov

## CERTIFICATE  OF SERVICE

This  is to certify  that a true and accurate  copy of the foregoing  has been served by electronic  mail  to Kort W. Gatterdam,  Attorney  for Rodney Scott Phelps, on this  23rd day of November,  2020.

s/ Kenneth  R. Taylor
Assistant  United  States  Attorney