Eastern District of Kentucky
FILED
DEC 0 4 2020
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff-Appellee, | : | CASE NO. 6:17-cr-00036-CHB-HAI |
| v. | : | JUDGE BOOM |
| RODNEY SCOTT PHELPS, | : | |
| Defendant-Appellant. | : | |

**REPLY OF DEFENDANT-APPELLANT TO UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT-APPELLANT'S MOTION FOR EXTENSION OF TIME TO SELF-SURRENDER TO PRISON**

Defendant-Appellant, Rodney Scott Phelps, through appellate counsel, respectfully submits this Reply to the United States' Response in Opposition (ECF No. 264, PageID#4844 – 49) to Mr. Phelps' Motion for Extension of Time to Self-Surrender to Prison (ECF No. 261, PageID#4833–39).

The Government references the history of this case as a reason to deny Phelps' motion. (ECF No. 264, PageID#4845) This Court was obviously aware of this history when it originally ordered Phelps to self-surrender, and there has been no indication of any issues following his sentencing so that cannot be used as a factor in extending the time to self-surrender.

The Government cites its "belief" that Mr. Phelps "may next consider flight" after his appeals are exhausted, and also alleges "that he ghost-manages a thriving business which he has placed in the name of his wife and/or son." (ECF No. 264, PageID#4845–46) The Government, however, does not support these beliefs and allegations with any evidence. The Government claims Mr. Phelps "refuses to place his name" on things like his home; however, the PSR

indicated Mr. Phelps' home was sold to a trust long before any allegations in this case arose. (ECF No. 219, Sealed Presentence Investigation Report, PageID#3896) The same applies to other pieces of real property, which were sold before any allegations in this case arose. (*Id.*, PageID#3896–97) Mr. Phelps simply does not pose a risk of flight as alleged by the Government.

Regarding potential appellate issues, it is not required that this Court decide whether the conviction should be reversed or whether the reversal of Mr. Phelps' conviction is the most likely outcome of the appeal. Instead, all Mr. Phelps must demonstrate is that the appeal is not for purpose of delay and that it raises a "substantial question" of law or fact. A defendant is not required to demonstrate that he or she will actually win the appeal as long as the claim he is raising is substantial and would entitle him or her to relief if the appeal were resolved in his favor. *United States v. Pollard*, 778 F.2d 1177, 1181–82 (6th Cir. 1985). Here, again, counsel is still familiarizing himself with the record, but does anticipate raising issues regarding sufficiency of the evidence; the calculation of his Guideline sentence including the base offense level, specific offense characteristics, and application of the obstruction of justice enhancement per USSG §3C1.1; and whether a term of imprisonment comported with the facts set forth in 18 U.S.C. § 3553(a). It is believed the Government used a coconspirator to make their case. Coconspirator testimony is obviously fraught with credibility problems. These are genuine, substantial issues that Mr. Phelps has the right to raise and, if any of them are successful, will result in reversal, a new trial, a reduced sentence, or a similarly favorable result.

Mr. Phelps urges this Court to adopt the rationale set forth in *United States v. Galanis*, 695 F. Supp. 1565 (S.D.N.Y) 1988). There, the court found the defendant met the "substantial

question" test for granting bail pending appeal of convictions including securities fraud and RICO. The court noted:

> In the case of a sophisticated fraud such as charged here against Galanis, whose transactions have been rendered so complex as to be hardly understandable to anyone, an appellant may provide material assistance to his appellate attorney if he is readily accessible at all times to discuss the proof in the trial record and the inferences flowing therefrom.

*Id.* at 1567. The court further noted that a complex and lengthy trial, "no matter how careful the actions of the presiding judicial officer, is likely to present a record which upon hindsight and after careful testing, contains some error." *Id.* at 1569.

In this matter, the trial lasted 8 days and the Government's case against Mr. Phelps was complex. While counsel identified a few areas that must be explored and determined on appeal as detailed in the Motion, it is extremely likely, after a review of the complete record and transcript, additional issues may be raised on appeal. Moreover, if he remains free, Mr. Phelps can provide undersigned counsel with material assistance to better understand the complexities of the case and what transpired at trial, and to help develop the issues to be raised on appeal.

Mr. Phelps asks this Court to consider the length of time an appeal will take. Due to the busy docket of the Sixth Circuit, Mr. Phelps' appeal will likely take at least a year to be decided. If that is the case, it is likely that a substantial portion of the sentence may be served before the appeal is decided, thereby rendering as moot Mr. Phelps' challenge of his conviction and sentence. Particularly to someone who has never been in trouble with the law before, permitting release pending appeal is appropriate.

Finally, the Government does not believe that the current pandemic warrants extending Mr. Phelps' self-surrender date. (ECF No. 264, PageID#4847) There can be no denying that Mr. Phelps suffers from a host of ailments, which would be exacerbated and could prove fatal if Mr. Phelps contracted COVID-19 as indicated in the letter from Mr. Phelps' doctor. (ECF No. 261

3

PageID#4839) Similarly situated defendants in courts across the country have had their self-surrender dates extended because of the pandemic. *See., e.g., United States v. Benjamin*, Criminal No. 18-0121, Memorandum Opinion and Order (D.C.D.C. Oct. 16, 2020) (noting the extensions of self-surrender from June 5, 2020, first to September 3, 2020, then to November 2, 2020, and then to March 3, 2021); *United States v. Garlock*, No. 18-cr-418-VC-1, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020) (extending surrender date and stating that "[b]y now it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided")). The actions by these other courts suggest that the current pandemic is an extraordinary event that warrants extending Mr. Phelps' self-surrender date.

For all the foregoing reasons, and the for the reasons stated in his Motion, Mr. Phelps respectfully asks this Court to extend the time for him to report to prison from January 1, 2021 to 30 days after the Sixth Circuit Court of Appeals' decision if a new trial is not ordered.

Respectfully submitted,

_by JES_

Kort Gatterdam (0040434)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

Counsel for Defendant-Appellant

4

5

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via email, this 3rd day of December, 2020, upon:

Charles P. Wisdom, Jr.
Kathryn M. Anderson
Kenneth Taylor
Assistant U.S. Attorneys
Office of the U.S. Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507

_____ by JES_____
Kort Gatterdam

050-1427-814502