UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RODNEY SCOTT PHELPS, )<br>)<br>Defendant. )<br>)<br>)<br>) | Criminal Action No. 6:17-CR-036-CHB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 3143(b)(1) FOR EXTENSION OF TIME TO SELF-SURRENDER TO PRSION BUT GRANTING ORAL MOTION FOR EXTENSION OF TIME TO SELF-SURRENDER TILL APRIL 5, 2021** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before this Court is Defendant Rodney Scott Phelps's Motion for Extension of Time to Self-Surrender to Prison [R. 261], requesting bond pending appeal under 18 U.S.C. § 3143(b)(1). The United States filed a Response in opposition [R. 264], and Defendant filed a Reply [R. 267]. The Court held a telephonic hearing on the Motion. During the hearing, Defense counsel made an alternative oral Motion requesting that, if the Court denied the Motion for Extension of Time to Self-Surrender to Prison [R. 261], it extend Defendant's self-surrender date to no earlier than April 5, 2021 in light of the COVID-19 pandemic and Defendant's documented serious medical issues.

### I.   BACKGROUND

After a two-week trial, Defendant Phelps was convicted of thirteen counts of fraud and conspiracy to commit fraud. [R. 157] Following the jury's verdict, he filed a Motion to Set Aside Verdict and to Set a New Trial, based mainly on new allegations of illegal activity involving his co-defendant Jason Castenir, who testified against Defendant at trial. [R. 170] The allegations

were that Castenir continued his illegal behavior after execution of a plea agreement with the United States. [*Id.*, p. 1] The Court denied the Motion [R. 196], finding that the new allegations of illegal activity by Castenir were merely cumulative of evidence the jury already heard during trial, and that they would not likely produce an acquittal if the case were retried because substantial corroborating evidence supported the jury's verdict. [*Id.*, pp. 5–12]

On July 31, 2020, the Court conducted a sentencing hearing. After addressing various objections to enhancements and issues related to the presentence report, the Court sentenced Defendant to nine years in prison, the bottom of his guideline range. [R. 214, p. 2] Due to COVID-19 concerns and Defendant's history of serious medical conditions, the Court allowed Defendant to self-surrender to prison, with a self-surrender date no earlier than January 1, 2021. [*Id.*] The Court found Defendant was not a flight risk or a danger to the community, and the United States agreed. [R. 256, p. 92, 94] Since that time there have been no documented violations of his conditions of bond, and he continues to reside with his wife in Somerset, Kentucky. [R. 261, p. 4] Defendant filed an appeal of the judgment to the Sixth Circuit. [R. 216]

## II.     STANDARD

A motion for release pending appeal is governed by 18 U.S.C. § 3143. Pursuant to section 3143(b)(1), the district court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and has filed an appeal . . . be detained," unless (A) there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," *and* (B) the "appeal is not for the purpose of delay and raises a substantial question of law or fact" that will likely result in a reversal, a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced below the time that will be served through the appeal process. Both requirements must be met for the

defendant to be released. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). Further, "an appeal raises a substantial question when the appeal presents a 'close question or one that could go either way.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985) (en banc)). The defendant bears the burden of showing the question is substantial. *United States v. Chalhoub*, No. 6:16-CR-00023-GFVT-HAI, 2018 WL 6709715, at *1 (E.D. Ky. Dec. 20, 2018). When the defendant merely identifies issues without "indicat[ing] how the Court's decisions on these matters present[s] close or novel questions," the requirements of § 3143(b) are not met. *United States v. Kudmani*, No. 3:13-cr-173-JHM, 2017 WL 2957941, at *2 (W.D. Ky. July 11, 2017); *see also United States v. Moore*, 849 F.2d 1474 (Table), 1988 WL 63191 (6th Cir. June 16, 1988) ("[M]ere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal under the Bail Reform Act." (citation omitted)).

### III.   DISCUSSION

Turning to the first requirement under § 3143(b)(1)(A) regarding flight and danger, the Court previously found by clear and convincing evidence that Defendant was not a flight risk and does not pose a danger to any other person or the community. He has remained out on bond since his sentencing hearing and there are no documented instances of non-compliance. The Court sees no reason to revisit that finding. [R. 256, p. 94]

The Court finds, however, that Defendant has not met his burden under § 3143(b)(1)(B), the second requirement, of demonstrating the appeal "raises a substantial question of law or fact." Defense counsel avers that he is "still familiarizing himself with the record" and "cannot with certainty state what issues will or will not be raised on appeal." [R. 261, p. 4] He then

provides that he does anticipate raising issues of "sufficiency of the evidence," "the calculation of his Guideline sentence," "specific offense characteristics," "application of the obstruction of justice enhancement," and the sentencing factors under 18 U.S.C. § 3553(a). Defendant makes absolutely no argument, however, as to why those issues are substantial questions of law or fact. [*Id.*] He simply flings them into the ether without argument or explanation. In his Reply, Defendant further notes, without argument or explanation, that "[i]t is believed the Government used a coconspirator to make their case. Coconspirator testimony is obviously fraught with credibility problems." [R. 267, p. 2]

An appeal raises a substantial question if the outcome is likely to "go either way and the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1177, 1181–82 (quoting *Powell*, 761 F.2d at 1233–34). The requirement under § 3143(b)(1)(B), however, "does not require the trial court to find it committed reversible error . . . to find that the appeal raises a substantial question." *Kudmani*, 2017 WL 2957941, at *2 (quoting *United States v. Roth*, 642 F. Supp. 2d 796, 798 (E.D. Tenn. 2009)). Similarly, it does not require the court to find the defendant is likely to win on appeal. *Id.* (citing *Powell*, 761 F.2d at 1234). Even so, when a defendant merely identifies potential issues for appeal, without more (as is the case here), the substantial question requirement is not met: "[M]ere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal under the Bail Reform Act." *Moore*, 1988 WL 63191, at *1 (citation omitted); *Kudmani*, 2017 WL 2957941 at *2. Defendant has wholly failed to articulate how the Court's rulings on any of the issues he identifies presented close or novel questions of law or fact. He has given the Court no reason to question its rulings on any of these matters.

Further, the Court notes that its Order Denying Defendant's Motion to Set Aside Verdict and to Set a New Trial [R. 196] thoroughly disposed of Defendant's previous arguments concerning co-defendant Jason Castenir and articulated the substantial evidence in the record supporting the jury's guilty verdict on all counts. The Court also conducted a lengthy sentencing hearing (nearly 3 hours) [R. 256], during which the Court provided detailed findings for the enhancements applied (including the obstruction enhancement), specific offense characteristics, and analysis under the § 3553(a) factors.

The Court cannot accept Defendant's suggestion that *United States v. Galanis*, 695 F. Supp. 1565 (S.D.N.Y. 1988) applies to this case. There, the court noted after a 52-day trial that some error was to be expected. *Id.* at 1569. But Defendant's trial was less than ten days and much less complex. [R. 155] Defendant fails to demonstrate how this case contains a substantial question to be raised on appeal. Further, even if the Court concluded that one or some of the enhancements or sentencing issues raised a substantial question of law that may result in a reversal for re-sentencing, the Court certainly cannot find that any such reversal would likely result in a reduction of Defendant's sentence to a term of imprisonment less than the expected duration of Defendant's appeal. Defendant was sentenced to 9 years (the bottom of his Guideline range). Defendant fails to meet the § 3143(b) standard.

Nevertheless, during the most recent hearing on the pending Motion, defense counsel made an oral motion alternatively requesting that Defendant's self-surrender date be no earlier than April 5, 2021 in light of the COVID-19 pandemic and Defendant's serious medical issues. The Court notes that Defendant has significant medical issues that make him more likely to develop complications from COVID-19, including heart conditions, diabetes, and high blood pressure. [R. 261, p. 2] This Court previously delayed Defendant's self-surrender date due to

COVID-19. [R. 256, p. 94] Given "the overwhelming public interest in preventing the continued spread of COVID-19, and given Defendant's particular vulnerability to complications from the illness," the Court finds it prudent to again delay Defendant's self-surrender date. *United States v. Oakes*, 1:19-cr-93-TSB (S.D. Ohio Dec. 1, 2020), ECF No. 18, at *4; *accord United States v. Garlock*, No. 18-CR-00418-VC-1, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020). Delaying self-surrender is especially prudent with the recent surge in COVID-19 cases and the impending prospect of a vaccine. *See United States v. Stavrakis*, 1:19-cr-160-ELH (D. Md. Nov. 25, 2020), ECF No. 355, at *5–6.

For the reasons above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Extension of Time to Self-Surrender to Prison [**R. 261**] is **DENIED**.

2. Defendant's oral motion to delay Defendant's self-surrender date to no earlier than April 5, 2020 is **GRANTED.**

3. Defendant **SHALL** voluntarily surrender to the Bureau of Prisons facility of designation as notified by the U.S. Marshal.

4. The Bureau of Prisons (BOP) **SHALL** set a **self-surrender date of no earlier than April 5, 2021**.

This the 22nd day of December, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY