Eastern District of Kentucky
**FILED**

MAR 03 2021

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff-Appellee,** | : | **CASE NO. 6:17-cr-00036-CHB-HAI** |
| | : | |
| v. | : | **JUDGE BOOM** |
| | : | |
| **RODNEY SCOTT PHELPS,** | : | |
| | : | |
| **Defendant-Appellant.** | : | |

## DEFENDANT-APPELLANT'S MOTION FOR EXTENSION OF TIME TO SELF-SURRENDER TO PRISON

Defendant-Appellant, Rodney Scott Phelps, through appellate counsel, respectfully asks this Court for an extension of time to self-surrender to prison from April 5, 2021, to on or after July 5, 2021. Reasons in support of this motion are more fully stated in the attached memorandum in support.

Respectfully submitted,

Kort Gatterdam (0040434)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

Counsel for Defendant-Appellant

## MEMORANDUM IN SUPPORT

Defendant-Appellant Rodney Scott Phelps was convicted by a jury of one count of conspiracy to commit wire fraud and twelve counts of wire fraud. (ECF No. 214, Judgment, PageID#3853) On July 28, 2020, this Court sentenced Mr. Phelps to 108 months in prison. (ECF No. 214, Judgment, PageID#3854) This Court also ordered that Mr. Phelps self-surrender to prison, but that the United States Marshals and the Bureau of Prisons not assign a self-surrender date prior to January 1, 2021. (ECF No. 214, Judgment, PageID#3854) On August 4, 2020, Mr. Phelps filed a notice of appeal. (ECF No. 216, Notice of Appeal, PageID#3863-64) Subsequently, the United States Court of Appeals for the Sixth Circuit appointed undersigned counsel to represent Mr. Phelps on appeal.

On November 17, 2020, Phelps filed a motion for extension of time to self-surrender to prison. (ECF No. 261, Motion, PageID#4833-39) At the telephone hearing regarding the motion, counsel made an alternative oral motion requesting that, if the Court denied the extension motion, that it extend Mr. Phelps' self-surrender date to no earlier than April 5, 2021 in light of the COVID-19 pandemic and Mr. Phelps' documented serious medical issues. In an Order filed December 22, 2020, this Court denied Mr. Phelps' written motion, but granted the oral motion and extended the self-surrender deadline to April 5, 2021. Mr. Phelps remains appreciative of the Court's ruling.

Mr. Phelps now respectfully asks this Court to again extend his self-surrender date. As this Court is aware, Mr. Phelps suffers from back pain, high blood pressure, diabetes, heart ailments, and right leg pain. (ECF No. 218-1, Statement of Reasons, PageID#3875; ECF No. 219, Sealed PSR, PageID#3890) He was previously injured in two separate motor vehicle accidents and has underwent a total of 15 surgeries (more since that time). (ECF No. 219, Sealed

2

PSR, PageID#3890) These surgeries include repairing his leg, for his heart, and for a knee replacement. (*Id.*) Mr. Phelps also takes several medications for his ailments and prior to sentencing was placed on a permanent heart monitor because of irregularities in his heartbeat. (*Id.*, PageID#3891, 3914)

This Court imposed the original self-surrender date due in large part to the COVID-19 pandemic and to Mr. Phelps' medical conditions. (ECF No. 256, 07/28/2020 Sentencing Transcript, PageID#4781-85) Unfortunately, Mr. Phelps' medical conditions remain and the pandemic continues to pose problems. According to Mr. Phelps' doctor, Mr. Phelps is currently undergoing a workup for an anemia, and "[i]f he was to be incarcerated and contracted COVID-19 it would have the potential to cause significant illness." (Exhibit A, Letter from Gregory Sherry, M.D.) The reasons for extending the self-surrender date apply to a further extension with equal if not greater vigor.

The current conditions with respect to the COVID-19 pandemic within BOP facilities render Mr. Phelps at grave risk of serious complications if infected with COVID-19. *See, e.g., United States v. Muniz*, Civ. A. No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (noting that "news reports of the virus's spread in detention centers within the United States . . . demonstrate that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection [from COVID-19]") (citations omitted). Courts across the country have recognized the serious risks presented by the pandemic and have extended self-surrender dates accordingly. *See., e.g., United States v. Benjamin*, Criminal No. 18-0121, Memorandum Opinion and Order (D.C.D.C. Oct. 16, 2020) (noting the extensions of self-surrender from June 5, 2020, first to September 3, 2020, then to November 2, 2020, and then to March 3, 2021); *United States v. Garlock*, No. 18-cr-418-VC-1, 2020 WL 1439980, at *1 (N.D.

3

Cal. Mar. 25, 2020) (extending surrender date and stating that "[b]y now it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided")).

Now there is a new Covid-19 threat with the increase in variant's from England, South America and South Africa. These variants are more contagious and potentially more deadly, thus increasing the risk to Phelps exponentially. The U.K variant is already spreading rapidly through the United States and is predicted to be the dominant strain by the end of March,[1] just when Mr. Phelps could have to report.

Further, a convicted defendant may request release pending appeal pursuant to 18 U.S.C. § 3143(b) by making two separate showings. First, the defendant must establish by clear and convincing evidence that he does not present a flight risk or a risk of danger to the safety of any other person or the community. 18 U.S.C. § 3143(b)(1)(A). Second, the defendant must demonstrate that the appeal is not for the purpose of delay and raises a substantial question of law or fact "likely to result" in reversal, a new trial, a reduced sentence, or a similarly favorable result. 18 U.S.C. § 3143(b)(1)(B); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). A defendant is not required to demonstrate that he or she will actually win the appeal as long as the claim he is raising is substantial and would entitle him or her to relief if the appeal were resolved in his favor. *United States v. Pollard*, 778 F.2d 1177, 1181–82 (6th Cir. 1985).

As to the first prong, there can be absolutely no claim that Mr. Phelps presents a flight risk or a risk of danger to the safety of any other person or the community. Born in 1961, Mr.

---

[1] https://www.forbes.com/sites/rachelsandler/2021/01/15/more-contagious-uk-covid-19-variant-to-become-dominant-strain-in-us-by-march-cdc-model-says/?sh=5bcad3e66287; https://www.washingtonpost.com/health/ukvariant-coronavirus-us-spread/2021/02/07/a197dbc2-680a-11eb-8468-21bc48f07fe5_story.html; https://www.usnews.com/news/health-news/articles/2021-02-15/uk-covid-variant-may-be-more-lethal-and-could-become-dominant-us-strain-by-march.

4

Phelps is currently 59 years old. (ECF No. 219, Sealed PSR, PageID#3888) He has been married since 1980, and his wife is self-employed at Cumberland Tire. (*Id.*, PageID#3888–89) They continue to reside in Somerset, Kentucky. (*Id.*, PageID#3890) He has no concerns with drug or alcohol abuse. (*Id.*)

The offenses at issue are non-violent, and Mr. Phelps has no history of violence. In fact, Mr. Phelps has no criminal history whatsoever. (*Id.*, PageID#3887) Significantly, after both the jury's verdict and sentencing, this Court did not order Mr. Phelps into custody, again demonstrating the lack of a flight risk or a risk of danger to others.

As to the second prong, Mr. Phelps recently submitted his Brief in his direct appeal, wherein he raised 10 issues, some of which contained sub-issues:

   I. Whether Appellant's convictions are based on insufficient evidence and are against the manifest weight of the evidence where the Government failed to prove Appellant devised or willfully participated in a scheme intended to deprive others of money.

   II. Whether the District Court erred in denying Appellant's motion for new trial based on the discovery of fraudulent conduct by the Government's main witness.

   III. Whether the District Court erred by admitting other-acts evidence against Appellant.

   IV. Whether the District Court erred by admitting opinion testimony of non-experts regarding Appellant's handwriting and styles of emails.

   V. Whether the District Court erred in denying Appellant's repeated requests for substitution of counsel.

   VI. Whether The District Court erred in not addressing Appellant's mental and physical competency to stand trial.

   VII. Whether the prosecution's personal attacks on Appellant and his family, and the vouching for witnesses, constituted prosecutorial misconduct.

   VIII. Whether Appellant was deprived of the effective assistance of trial counsel.

   IX. Whether the District Court erred in instructing the jury that it need not be unanimous to convict Appellant of conspiracy.

> X. Whether the District Court erred in calculating the total offense level under the Sentencing Guidelines by applying three enhancements (obstruction of justice, use of sophisticated means, and role in the offense), and whether the prison sentence imposed was substantively reasonable.

Mr. Phelps incorporates by reference his Brief, which is attached to this motion, in order to meet his burden under 18 U.S.C. § 3143(b)(1)(B). As the Brief demonstrates, Mr. Phelps' appeal raises subsequently questions that could "go either way" and are "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1177, 1181–82. Mr. Phelps would be entitled to a new trial and/or to resentencing if the Sixth Circuit finds in his favor on one of these issues.

Mr. Phelps urges this Court to adopt the rationale set forth in *United States v. Galanis*, 695 F. Supp. 1565 (S.D.N.Y) 1988). There, the court found the defendant met the "substantial question" test for granting bail pending appeal of convictions including securities fraud and RICO. The court noted:

> In the case of a sophisticated fraud such as charged here against Galanis, whose transactions have been rendered so complex as to be hardly understandable to anyone, an appellant may provide material assistance to his appellate attorney if he is readily accessible at all times to discuss the proof in the trial record and the inferences flowing therefrom.

*Id.* at 1567. The court further noted that a complex and lengthy trial, "no matter how careful the actions of the presiding judicial officer, is likely to present a record which upon hindsight and after careful testing, contains some error." *Id.* at 1569.

Mr. Phelps has raised substantial questions of law or fact which are fairly debatable. Numerous witnesses testified to dealing with Co-Defendant Jason Castenir, not Mr. Phelps. Castenir, the Government's chief witness, was still committing fraud when he testified unbeknownst to the Government or the defense. Most importantly, the jury never heard Castenir

6

perjured himself when he purported to have come clean and told the Government everything. The trial was littered with other acts evidence introduced to show Mr. Phelps was a bad person so he must have committed the acts charged. Persons with no handwriting expert qualifications were permitted to testify as if they were experts. Mr. Phelps was not permitted to have a new attorney despite an irreconcilable relationship as stated by his counsel. Mr. Phelps was not provided a competency evaluation despite numerous health issues, surgeries, medications, and clear evidence that he was not all there during pretrial and trial proceedings.

The above are just some of the fairly debatable issues for the Sixth Circuit's review on appeal. It is understandable that this Court, having tried the case, does not think substantial errors occurred, but this Court does not need to make a finding that Mr. Phelps will win on appeal. There are numerous meritorious issues and Mr. Phelps should not be incarcerated while the parties address the issues.

If extension of self-surrender is not granted, Mr. Phelps may have served a substantial portion of his sentence. It is often more than one year before a criminal case is decided in the Sixth Circuit. In light of Mr. Phelps' significant health issues, the COVID-19 pandemic, and the substantial issues to be resolved, fairness requires the extension of self-surrender. There is no doubt Mr. Phelps will report to prison as directed once these issues are resolved.

For all the foregoing reasons, Mr. Phelps respectfully asks this Court to extend the time for him to report to prison from April 5, 2021 to on or after July 5, 2021.

Respectfully submitted,

_____
Kort Gatterdam (0040434)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

Counsel for Defendant-Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by first class U.S. mail, postage prepaid, this 2nd day of March, 2021, upon:

Charles P. Wisdom, Jr.
Kathryn M. Anderson
Kenneth Taylor
Assistant U.S. Attorneys
Office of the U.S. Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507

_____
Kort Gatterdam

050-1427-822091

8