UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:17-CR-036-CHB-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| RODNEY SCOTT PHELPS, | ) | **MOTION FOR EXTENSION OF TIME** |
| | ) | **TO SELF-SURRENDER TO PRSION** |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before this Court is Defendant Rodney Scott Phelps's Motion for Extension of Time to Self-Surrender to Prison [R. 282], requesting bond pending appeal under 18 U.S.C. § 3143(b)(1). For the reasons stated below, Defendant's Motion will be denied.

## I.  BACKGROUND

After a two-week trial, Defendant Phelps was convicted of thirteen counts of fraud and conspiracy to commit fraud. [R. 157] Following the jury's verdict, he filed a Motion to Set Aside Verdict and to Set a New Trial, based mainly on new allegations of illegal activity involving his co-defendant Jason Castenir, who testified against Defendant at trial. [R. 170] The allegations were that Castenir continued his illegal behavior after execution of a plea agreement with the United States. *Id.* at 1. The Court denied the Motion [R. 196], finding that the new allegations of illegal activity by Castenir were merely cumulative of evidence the jury already heard during trial, and that they would not likely produce an acquittal if the case were retried because substantial corroborating evidence supported the jury's verdict. *Id.* at 5–12.

On July 31, 2020, the Court conducted a sentencing hearing. After addressing various objections to enhancements and issues related to the presentence report, the Court sentenced Defendant to nine years in prison, the bottom of his guideline range. [R. 214, p. 2] Due to COVID-19 concerns and Defendant's history of serious medical conditions, the Court allowed Defendant to self-surrender to prison, with a self-surrender date no earlier than January 1, 2021. *Id.* The Court found Defendant was not a flight risk or a danger to the community, and the United States agreed. [R. 256, pp. 92, 94] Since that time there have been no documented violations of his conditions of bond, and he continues to reside with his wife in Somerset, Kentucky. [R. 282, p. 5] Defendant filed an appeal of the judgment to the Sixth Circuit. [R. 216]

On November 17, 2020, Defendant filed his first Motion for Extension of Time to Self-Surrender to Prison [R. 261], arguing for release pursuant to § 3143(b)(1). After the United States filed a Response to that Motion [R. 264] and Defendant replied [R. 267], the Court held a telephonic hearing on the Motion. [R. 269] At the hearing, Defendant made an oral Motion alternatively requesting that Defendant's self-surrender date be no earlier than April 5, 2021 in light of rising COVID-19 cases and Defendant's serious medical issues. *Id.* After the telephonic hearing, the Court denied Defendant's § 3143(b)(1) Motion on the ground that Defendant has not presented a "substantial question of law or fact" that would merit release. [R. 270, pp. 3–5] The Court did, however, grant Defendant's oral Motion and ordered Defendant's self-surrender date to be no earlier than April 5, 2021. *Id.* at 5–6. Defendant now renews his argument that he should be released pending appeal. [R. 282]

## II.     STANDARD

A motion for release pending appeal is governed by 18 U.S.C. § 3143. Pursuant to section 3143(b)(1), the district court "shall order that a person who has been found guilty of an

offense and sentenced to a term of imprisonment, and has filed an appeal . . . be detained," unless (A) there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," *and* (B) the "appeal is not for the purpose of delay and raises a substantial question of law or fact" that will likely result in a reversal, a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced below the time that will be served through the appeal process. Both requirements must be met for the defendant to be released. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). Further, "an appeal raises a substantial question when the appeal presents a 'close question or one that could go either way.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985) (en banc)). The defendant bears the burden of showing the question is substantial. *United States v. Chalhoub*, No. 6:16-CR-00023-GFVT-HAI, 2018 WL 6709715, at *1 (E.D. Ky. Dec. 20, 2018).

### III. DISCUSSION

The Court has already found by clear and convincing evidence that Defendant is not a flight risk and does not pose a danger to any other person or the community. [R. 270, p. 3] Still, the Court will deny Defendant's Motion, as Defendant has not met his burden of demonstrating the appeal "raises a substantial question of law or fact." Defense counsel raises ten issues, incorporating by reference the brief from his direct appeal, to contend that he has raised substantial questions. [R. 282, pp. 5–6] Of note, he alleges issues with the testimony of his co-conspirator, allowance of prejudicial evidence, lack of competency evaluation, ineffective assistance of counsel, and improper sentencing. *Id.* at 5–7. Defendant also cites *United States v. Galanis*, 695 F. Supp. 1565, 1569 (S.D.N.Y. 1988) for the proposition that some error is to be expected in a complex and lengthy trial. *Id.* at 6.

The Court cannot agree that substantial questions remain. Rather, the Court examined the trial issues raised in its Order Denying Defendant's Motion to Set Aside Verdict and to Set a New Trial [R. 196], which thoroughly disposed of Defendant's previous arguments concerning co-defendant Jason Castenir and articulated the substantial evidence in the record supporting the jury's guilty verdict on all counts. The Court also examined the sentencing-enhancement issues raised in its lengthy sentencing hearing (nearly 3 hours) [R. 256], during which the Court provided detailed findings for the enhancements applied (including the obstruction enhancement), specific offense characteristics, and analysis under the § 3553(a) factors. Further, even if there were substantial questions around the enhancements or sentencing issues, the Court certainly cannot find that any such reversal would likely result in a reduction of Defendant's sentence to a term of imprisonment less than the expected duration of Defendant's appeal. Defendant was sentenced to 9 years (the bottom of his Guideline range). [R. 214]

In addition, as with Defendant's first Motion for Extension of Time to Self-Surrender to Prison, the Court does not find *Galanis* to be applicable here, as the trial in *Galanis* was significantly longer and more complex than the one here. [R. 270, p. 5] Defendant fails to meet the § 3143(b) standard.

Defendant asks the Court as well to extend his self-surrender date because of concerns about the spread of COVID-19 and Defendant's medical conditions. [R. 282, pp. 3–4] The Court previously extended his self-surrender date, citing "the recent surge in COVID-19 cases and the impending prospect of a vaccine." [R. 270, p. 6; *see also United States v. Stavrakis*, 1:19-cr-160-ELH (D. Md. Nov. 25, 2020), ECF No. 355, at *5–6 (finding that the winter surge of COVID cases and the prospect of a vaccine meant that limiting prison populations was all the more prudent)] Since the surge this winter, however, cases have significantly declined. *See*

*Coronavirus: U.S. Map*, Wash. Post (Mar. 6, 2021), https://www.washingtonpost.com/graphics/2020/national/coronavirus-us-cases-deaths/?itid=sf_coronavirus_subnav. Further, the vaccination campaign is fully underway, and Defendant is eligible for a COVID vaccine. *See* Miana Massey, *Kentucky Begins Phase 1C Vaccinations, Adding 1 Million People to Eligibility List*, WLWT5 (Mar. 3, 2021), https://www.wlwt.com/article/kentuckys-begins-phase-1c-vaccinations-adding-1-million-people-to-eligibility-list/35709733. The Court is not convinced that further delay of Defendant's self-surrender date would significantly protect him from COVID-19 when Defendant is able to get vaccinated before his self-surrender date. To that end, the Court requests Defendant show cause as to his efforts to obtain a vaccination.

For the reasons above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Extension of Time to Self-Surrender to Prison [**R. 282**] is **DENIED**.

2. Defendant shall **SHOW CAUSE** within three (3) days from the date of entry of this Order, updating the Court on what efforts Defendant has undertaken to get vaccinated. This the 8th day of March, 2021.

*[Signature: Claria Horn Boom]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY