UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:17-CR-00036-CHB-HAI

UNITED STATES OF AMERICA                                             PLAINTIFF

V.        **UNITED STATES'S REPLY TO DEFENDANT'S
           RESPONSE TO SHOW CAUSE ORDER**

RODNEY SCOTT PHELPS                                                  DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Per the Court's Order to "show cause as to his efforts to obtain a vaccination" [R. 284: Order], the Defendant filed a two-page pleading relating the exact opposite information, that he has taken no efforts to obtain a vaccine. [R. 286: Response to Show Cause Order.] Because of this, the defendant has forfeited his right to use the pandemic as a basis for his delayed self-surrender date, and the Court should deny his motion.

To start, the Court already addressed the merits of the Defendant's legal arguments posed in his most recent motion to extend the self-surrender date, by reasoning:

> Still, the Court will deny Defendant's Motion, as Defendant has not met his burden of demonstrating the appeal "raises a substantial question of law or fact." . . . The Court cannot agree that substantial questions remain. Rather, the Court examined the trial issues raised in its Order Denying Defendant's Motion to Set Aside Verdict and to Set a New Trial [R. 196], which thoroughly disposed of Defendant's previous arguments concerning co-defendant Jason Castenir and articulated the substantial evidence in the record supporting the jury's guilty verdict on all counts.

[R. 284.] Accordingly, the United States will only address the non-legal argument, that is, the request to extend based on Covid-19 concerns.

The Defendant's sentencing took place on July 28, 2020. [R. 256, #4690: Transcript of Sentencing.] Given the Defendant's well-documented and long-standing history of delaying his prosecution and trial, the United States requested at his sentencing an early report date. [*Id.* at #4781.] The Court, however, permitted an extended report date to January 1, 2021, reasoning that the delay "hopefully, [] will take care of some of the health-related concerns in this pandemic environment as well." [*Id.* at #4784.]

On November 17, 2020, the Defendant moved to extend his self-surrender date. [R. 261: Motion for Extension of Time to Self-Surrender to Prison.] The Court denied the motion on its merits, but permitted the Defendant to wait to voluntarily surrender to the BOP until "no earlier than April 5, 2021," based on the Defendant's health conditions, Covid-19, and the prospect of a vaccine. [R. 270: Order ("Delaying self-surrender is especially prudent with the recent surge in COVID-19 cases and the impending prospect of a vaccine.")]

Again, on March 2, 2021, the Defendant moved to extend his time to self-surrender, restating previously disposed of arguments from his first motion and persisting in his arguments about Covid-19. [R. 282: Defendant's Motion for Extension of Time to Self-Surrender.] The Court swiftly denied the motion as to the already disposed of arguments, but permitted the Defendant three days to show cause "as to his efforts to obtain a vaccination," noting that "cases have significantly declined" and that the

"Defendant is able to get vaccinated before his self-surrender date." [R. 284.]

In his response to the show cause order, the Defendant acknowledged that he has put forth no effort to receive a vaccine and that he remains hesitant to get one. [R. 286.] The FDA has approved multiple vaccines that are extremely safe and effective in preventing severe disease, including in participants with medical comorbidities associated with a high risk of severe illness from COVID-19.[1] And as of March 1, Kentuckians at increased risk of severe illness CDC-recognized co-morbidities are vaccine eligible.[2]

Despite receiving the aforementioned extensions of his self-report date, one of which was a 94-day delay given "in light of the COVID-19 pandemic and Defendant's serious medical issues," the Defendant has waited until March 16 to even schedule an appointment with his doctor. This disrespect to the Court's generous orders extending his self-surrender date should not be awarded with an additional extension. By failing to take any efforts to get vaccinated, the Defendant has waived any consideration of Covid-19 in the calculus as to whether to extend his report date; the Defendant has failed to exercise due diligence to protect himself. *Cf, e.g.*, *United States v. McBride*, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison"); *United States v. Williams,* 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) ("Defendant's own behavior [in refusing vaccination] is inconsistent with his position that he

---

[1] *See* FDA Decision Memoranda: Johnson & Johnson - https://www.fda.gov/media/146338/download; Moderna - https://www.fda.gov/media/144673/download; Pfizer - https://www.fda.gov/media/144416/download.
[2] *See* https://chfs.ky.gov/agencies/dph/covid19/Phasesgraphic1-4.pdf.

believes he is at increased risk from the virus."). The Defendant offers no legal argument to undermine the Court's twice-discarded alternative bases to extend the self-report date. Accordingly, the United States objects to the Defendant's motion to extend the self-surrender date and requests that the Court deny his motion.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        ACTING UNITED STATES ATTORNEY

By:    s/ Kenneth R. Taylor
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-6874
        FAX (859) 233-2747
        Ken.Taylor@usdoj.gov

        s/ Kathryn M. Anderson
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4885
        FAX (859) 233-2747
        Kathryn.Anderson@usdoj.gov

## CERTIFICATE OF SERVICE

On March 12, 2021, I electronically filed this document through the ECF system, which provided notice to counsel of record.

/s/ Kathryn M. Anderson
Assistant United States Attorney