UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:17-CR-036-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| RODNEY SCOTT PHELPS, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **COMPASSIONATE RELEASE** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Rodney Scott Phelps's *pro se* Motion for Compassionate Release, [R. 320; R. 325; R. 326], and his Motion for Leave to Supplement his Motion for Compassionate Release, [R. 348]. The United States responded in opposition. [R. 327]. The Defendant replied. [R. 342]. The matter is ripe for review. For the reasons stated herein, the Court will grant Defendant's Motion for Leave, [R. 348], and will deny Defendant's Motion for Compassionate Release [R. 320].

## I.   Background

On September 10, 2019, a jury convicted Defendant of thirteen federal fraud offenses stemming from a complex and extensive scheme where he duped numerous victims into investing with Defendant and his co-conspirator, Jason Castenir, in a debenture offering, a casino, and an oil and gas scheme in Belize. [R. 1; R. 157]. Defendant's Guideline range was 108-135 months of imprisonment. [Statement of Reasons, p.1]. This Court sentenced Defendant to the low end of the Guideline range of 108 months, taking into consideration his significant medical issues, followed by 3 years of supervised release. [R. 214]. He is currently serving his sentence at FCI Ashland.

- 1 -

*See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 3, 2023). His projected release date is January 25, 2028. *Id.* This is Defendant's *third* motion for compassionate release. He filed his first motion on August 19, 2021, just three months after entering BOP custody (the Court delayed his reporting date due to the COVID-19 pandemic). [R. 297]. The Court denied the motion on November 2, 2021. [R. 306]. Just four months after that denial, on March 23, 2022, Defendant filed his second motion for compassionate release, [R. 308], which was also denied, [R. 309]. Five months later, on August 8, 2022, Defendant filed the current Motion, his third, arguing his chronic medical conditions, including new medical ailments, warrant release. [R. 320]. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Mr. Phelps's Motion.

## II.      Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

The court *may not* modify a term of imprisonment once it has been imposed *except that*—

(1) In any case—

(A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that*—

(i) *extraordinary and compelling reasons warrant such a reduction . . .*

- 2 -

*and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under § 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107-08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step

two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109-11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.    Discussion

### A.    Extraordinary and Compelling Reasons

As an initial matter, the Court will address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833-35. As outlined in the government's Response, Defendant has made several requests to the BOP Warden for compassionate release, all of which have been denied. [R. 327, pp. 4-5]. Although the government concedes exhaustion for

the Motion, they contest exhaustion related to his supplement at [R. 325], and presumably would contest exhaustion related to his Motion for Leave, [R. 348], which add new ailments to his list of medical concerns. *See* [R. 327, pp. 4-6]; *see also United States v. Delco*, No. 09-57, 2020 WL 5633367, *3 (E.D. La. Sept. 21, 2020) ("[O]n the current record, Delco makes no showing he has even begun the administrative process with respect to this new medical condition by making a request to the warden for compassionate release based on his diabetes diagnosis, much less that he has exhausted his administrative remedies."). But even considering his supplements, [R. 325; R. 348], along with the Motion, and addressing the merits of his collective request, Defendant's request fails under the § 3553(a) factors as outlined below.

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107-08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post-First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his Motion, Defendant argues for compassionate release due to his chronic medical conditions that make him more likely to suffer severe illness or death if he were to contract COVID-19. Defendant's list of serious medical conditions includes obesity, being a former smoker, Type 2 diabetes, severe heart and lung conditions (hypertension, coronary artery disease,

acute pulmonary insufficiency), anemia, and recurrent leg infections. [R. 320]. He also cites to a recent diagnosis of Myelodysplastic Syndrome ("MDS") and concerns over the communal living environment and COVID-19 pandemic as his basis for release. *Id*.; *see also* [R. 325; R. 348]. In his Motion for Leave and accompanying attachments, Defendant also argues that proposed amendments to the policy statement in § 1B1.13 of the United States Sentencing Guidelines make him the "poster child" for release, and that continued inattention by BOP to his medical issues and his continued and worsening conditions warrant release. [R. 348]. Both parties have submitted copious medical records that confirm Defendant's significant medical conditions. [R. 320-2; R. 329; R. 325; R. 348]. Defendant argues he is more likely to get severely ill or die if he contacts COVID-19 due to his serious and documented medical conditions and that his vaccination status is irrelevant. [R. 320]. His detailed Motion and supplements outline what he believes is sub-par medical treatment by the BOP.

The United States opposes the Motion, arguing that Phelps has refused the COVID-19 vaccine without valid justification and, accordingly, he simply cannot claim his increased risk from COVID-19 is an extraordinary and compelling reason for early release. [R. 327, p. 7]. The government further argues that his medical conditions do not warrant relief from incarceration. *Id.* at 7-14. The United States notes that the Defendant signed his individualized needs plan on April 14, 2022, wherein his "Current Care Assignments" for CARE2 are described as "STABLE, CHRONIC CARE." [R. 329-2]. The government contends this "is an appropriate descriptor of the Defendant's health status. Indeed, as demonstrated in the more than 1000 pages of medical records on file with the BOP for the Defendant's relatively short stay, the Defendant's health issues are well-documented, known by BOP medical staff, and treated." [R. 327, p. 7]; *see also* [R. 329-3; R. 329-4; R. 329-5; R. 329-6; R. 329-7]. They conclude that "[n]o medical records indicate a short

life expectancy. Rather, they indicate that BOP is monitoring and treating his medical conditions. He has been taken to the hospital as necessary." [R. 327, p. 8].

The United States further argues his request fails under the § 3553(a) factors, *id.* at 14-16, because release now would allow him to serve less than 25% of his sentence, which would "seriously depreciate the seriousness of his crime, the need [] for just punishment, the need to promote respect for the law, and deterrence." *Id.* at 14. The government urges that the same rationale in the Court's previous denials applies to the current Motion and precludes release.

The medical records demonstrate Defendant suffers from a multitude of serious medical conditions. However, even if Defendant's medical issues qualified as extraordinary and compelling reasons for relief, the § 3553(a) factors preclude release. That is, even if Defendant met the first step of the compassionate-release test—meaning, if the Court found "extraordinary and compelling" circumstances based on his health issues and conditions of confinement—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction.

## B. Balancing Under § 3553(a)

The Court has (a third time) thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7); *see also Jones*, 980 F.3d at 1112-16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather,

- 7 -

the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion (and previous motions), and is convinced that release is not warranted under the statutory factors, for the very same reasons the Court denied Defendant's previous motions:

> First, the "nature and circumstances of the offense" weigh against release. § 3553(a)(1). Defendant orchestrated a large, complex, multi-million dollar fraud scheme involving numerous victims. [Presentence Report (PSR), pp.3-8]. He and a co-conspirator defrauded both sophisticated and unsophisticated investors out of millions of dollars with persistent, false representations concerning their business experience and expertise, background, and the source of Defendant's alleged wealth (that he was heir to the Morton Salt fortune). *Id.* The Court considered Defendant's "history and characteristics," at the sentencing hearing, noting his significant health issues, his lack of a criminal record, and family and community support, and sentenced him to the very bottom of his Guideline range. [R. 214]. The Court took into consideration Defendant's positive characteristics in fashioning his sentence.

[R. 306, p. 6]. These observations remain true today. Further, the Court considered all mitigating factors at Defendant's original sentencing hearing (including his significant and complicated medical history at the time) and sentenced him to the least sentence possible that still honored the purposes of sentencing under 18 U.S.C. § 3553(a). Even considering any new medical diagnosis of MDS or other ailments, further winnowing of the sentence at this time would offend the purposes of punishment.

Currently, Defendant has served only a fraction (about 25%) of his original sentence. Release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just

- 8 -

punishment. *See also* [R. 306, pp. 6-7].

The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again (and again). The same factors that warranted a sentence of 108 months, the very bottom of his Guideline range, weigh against early release. For the foregoing reasons, and upon consideration of *all* the § 3553(a) sentencing factors, early release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Rodney Phelps's Motion for Leave to Supplement [**R. 348**] is **GRANTED.**

2. Defendant Rodney Phelps's Motion for Compassionate Release [**R. 320**] is **DENIED**.

This the 3rd day of April, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 9 -