UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff/Respondent,  )
                               )
v.                             )      No. 6:17-CR-36-CHB-HAI
                               )
                               )      ORDER
RODNEY SCOTT PHELPS,           )
                               )
        Defendant/Movant.      )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

*Pro se* habeas petitioner Rodney Scott Phelps has filed a motion to appoint counsel. D.E. 366. On November 28, District Judge Boom denied Phelps's postconviction motion under 28 U.S.C. § 2255. D.E. 364, 365. It appears Phelps requests assistance of counsel to appeal that ruling and also to file a motion for a sentence reduction. The Court denied Phelps's previous requests for appointment of counsel. D.E. 357, 363.

As explained before, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *Wright v. W.*, 505 U.S. 277, 293 (1992). Appointment of counsel for postconviction movants is "governed by section 3006A of title 18." 28 U.S.C. 2255(g). Factors to be considered by the court in ruling on a request to appoint counsel pursuant to 18 U.S.C. § 3006A are identical to those factors considered in a request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983). Those factors are:

  (1)    whether the merits of the claim are colorable;
  (2)    the ability of the indigent to investigate crucial facts;
  (3)    whether the nature of the evidence indicates that the truth will more likely be

exposed where both sides are represented by counsel;

(4)    capability of the indigent to present the case; and

(5)    complexity of the legal issues raised by the complaint.

*Leap v. Beckstrom*, No. 2:07-CV-60-WOB, 2007 WL 954743, at *1 (E.D. Ky. Mar. 26, 2007) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)).  The Court will also appoint counsel if an evidentiary hearing is scheduled.  Rule 8(c), Rules Governing Section 2255 Proceedings.

Here, Phelps has already ably litigated his § 2255 motion, including more than one motion to supplement and multiple motions to extend deadlines.  The dominant factor here is Phelps's capability of presenting his case.  Phelps has shown himself to be unusually capable.  Further, if Phelps files an appeal, he can move the Court of Appeals for appointment of counsel, if warranted.

Accordingly**, IT IS HEREBY ORDERED THAT P**helps's motion to appoint counsel (D.E. 366) is **DENIED.**

This the 30th day of November, 2023.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge

2